IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DORA WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:11cv773-CSC |
| ) | (WO) |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION and ORDER**

**I. Introduction**

Plaintiff Dora Williams ("Williams") applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 401 et seq., and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., alleging that she was unable to work because of a disability.[1] Her application was denied at the initial administrative level. The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ also denied the claim. The Appeals Council granted the plaintiff's request for review, (R. 10) but subsequently determined that Williams was not disabled. (R. 4-7). The Appeals Council's decision consequently became the final decision of the Commissioner of Social Security

---

[1] Williams filed for disability insurance benefits and supplemental security income benefits on September 24, 2008, (R. 121, 129), alleging an onset disability date of July 1, 2005. (R. 20). The plaintiff's insured status for purposes of disability insurance benefits expired on September 30, 2007. (R. 22). During the administrative hearing, the ALJ incorrectly stated that Williams had filed only a claim for supplemental security income. (R. 34).

(Commissioner).[2]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  The case is now before the court for review pursuant to 42 U.S.C. §§ 405 (g) and 1383(c)(3).  Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to the United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment.  Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be reversed and this case remanded to the Commissioner for further proceedings.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . .

To make this determination,[3] the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

(1) Is the person presently unemployed?
(2) Is the person's impairment severe?
(3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?

---

[2] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

[3] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

> (4)   Is the person unable to perform his or her former occupation?
> (5)   Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[4]

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Dyer v. Barnhart,* 395 F.3d 1206, 1210 (11th Cir. 2005). Substantial evidence is "more than a scintilla," but less than a preponderance: it "is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.,* 363 F.3d 1155, 1158–59 (11th Cir. 2004) (quotation marks omitted). The court "may not decide the facts anew, reweigh the evidence, or substitute . . . [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (alteration in original) (quotation marks omitted).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

---

[4] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

### III.  The Issues

**A.  Introduction**.   Williams was 49 years old at the time of the hearing before the ALJ, and has completed the eleventh grade.[5]  (R. 35).  Her prior work experience includes work as a private duty home health care worker.  (R. 41).  She also worked in a chicken processing plant.  (R. 42).  Following the hearing, the ALJ and Appeals Council concluded that although Williams has medically determinable impairments of asthma and depression, these conditions do not constitute severe impairments.  (R. 4, 6, 23. 26).  Consequently, the ALJ and Appeals Council concluded that Williams was not disabled. (R. 6, 26).

**B.  Plaintiff's Claims**.  As stated by Williams, she presents three issues for the Court's review:

1. The Appeals Council erred in failing to remand to the ALJ.

2. The ALJ's physical findings are not based on substantial evidence.

3. The ALJ's mental findings are not based on substantial evidence.

(Doc. # 12, Pl's Br., at 7, 9, 11).

### IV.  Discussion

The plaintiff raises several issues and arguments related to this court's ultimate inquiry of whether the Commissioner's disability decision is supported by the proper legal standards and substantial evidence.  *See Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987).  However, the court pretermits discussion of the plaintiff's specific arguments because the

---

[5]  Williams testified at the administrative hearing that she was in special education during school, and that she left high school in twelfth grade because she was nineteen years old.  (R. 48-49).

court concludes that the Appeals Council and ALJ erred as a matter of law.

While a claimant has the burden of proving that she is disabled, an ALJ has a basic duty to develop a full and fair record. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). "Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 110-111 (2000).

> The SSA is perhaps the best example of an agency that is not based to a significant extent on the judicial model of decisionmaking. It has replaced normal adversary procedure with an investigatory model, where it is the duty of the ALJ to investigate the facts and develop the arguments both for and against granting benefits; review by the Appeals Council is similarly broad. *Id*. The regulations also make the nature of the SSA proceedings quite clear. They expressly provide that the SSA "conducts the administrative review process in an informal, nonadversary manner." 20 C.F.R. § 404.900(b).

*Crawford & Co. v. Apfel*, 235 F.3d 1298, 1304 (11th Cir. 2000).

As will be explained, the court concludes that both the Appeals Council and the ALJ failed to fully and fairly develop the record concerning the plaintiff's intellectual functioning and mental impairments. During the administrative hearing, Williams testified that she did not finish high school because she was too old. (R. 35).

> Q: When you went to school, were you in regular class or were you in a special education class?
> A: Special education.
> Q: Was that as far as you could remember or did it occur at a certain grade in school that you went from regular class to special education?
> A: No, sir. I always special ed.
> Q: You were always in special ed –
> A: Yes, sir.
> Q: – as far as you know? That includes elementary, junior high and high

5

|   |   |
|---|---|
|   | school? |
| A: | Yes, sir. |
| Q: | Did you finish high school? |
| A: | No, sir. |
| Q: | How old were you when you stopped going to high school? |
| A: | I was 19. |
| Q: | Why did you stop going to high school? |
| A: | Because I was too old in the 12th grade. |
| Q: | What problems did you have as a student at school? |
| A: | I couldn't learn like some of the other kids could. |
| Q: | When did you first notice that? |
| A: | When I repeated the first grade two times. |
| Q: | So, you knew that you were being left back? |
| A: | Yes. |
| Q: | And you knew the reason? |
| A: | Because I was slow and dumb like the other kids use to say.  I was dumb. |

(R. 48-49).

It is apparent from the hearing transcript that Williams has limited intellectual ability. What is not plain is the extent or effect of her limitation on her ability to work. In fact, at the conclusion of the hearing, although Williams had a consultative psychological evaluation by Dr. Renfro,[6] Williams' attorney suggested that the ALJ further develop the record regarding Williams' intellectual abilities by sending her to a different expert for a psychiatric evaluation and IQ testing. (R. 58). The ALJ agreed. (*Id*.) On August 16, 2010, Williams underwent a psychological evaluation by Dr. David Hall, but he did not conduct any IQ testing. (R. 348-354). Dr. Hall opined that Williams had low average range of intellectual

---

[6] Dr. Renfro conducted a psychological evaluation of Williams on November 5, 2008, and opined that Williams was malingering. (R. 273-76).  He made no recommendations regarding Williams' mental impairments. (R. 276).

functioning but that she was "**moderately impaired** in her ability to understand, remember, and carry out instructions and to respond appropriately to supervision, co-workers, and work pressures in a work setting."  (R. 351) (emphasis in original).

Once the ALJ secured a consultative psychological examination, he then failed to consider it.  When the ALJ discussed Williams' impairments, the ALJ did not refer to Dr. Hall at all.  (R. 13-20).  Instead, inexplicably, the ALJ found Dr. Renfro's opinion "to be persuasive for the same reasons set forth previously for giving significant weight to Dr. Renfro's fellow consultative examiners." (R. 25).  The problem with this approach, however, is that the Appeals Council determined Dr. Renfro's fellow consultative examiners' opinions were entitled to "little weight" because they were  "internally inconsistent."  (R. 6). Remarkably, neither the ALJ nor the Appeals Council considered Dr. Hall's psychological evaluation of Williams.  In addition, the Appeals Council conducted no analysis whatsoever as to whether Williams suffers from any mental impairments.

The mere fact that the ALJ and the Appeals Council failed to consider Dr. Hall's opinion that Williams was moderately impaired is sufficient to require this case to be remanded for further proceedings.  The ALJ may not substitute his judgment for the judgments of experts in their field of expertise.  Psychiatrists deal with quintessentially subjective information with respect to which they must exercise professional, interpretive judgment. Moreover, "'[e]ven a "mild" mental impairment may "prevent [a] claimant from engaging in the full range of jobs contemplated by the exertional category for which the

claimant otherwise qualifies.'" *Allen v. Sullivan*, 880 F.2d 1200, at 1202 (11th Cir. 1989). An ALJ must state with particularity the weight given to different medical evidence and the reasons therefor. *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987). Without an explanation of the weight accorded by the ALJ to the various medical opinions and evidence, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence. *Id.* Furthermore, the ALJ may not arbitrarily pick and choose facts from the medical evidence to support his conclusion without articulating specific, well supported reasons for crediting some evidence while discrediting other evidence. *Marbury v. Sullivan*, 957 F.2d 837 (11th Cir. 1992). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits is rational and supported by substantial evidence." *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th 1981). "Failure to do so requires the case be vacated and remanded for the proper consideration." *Hudson v. Heckler,* 755 F.2d 781, 785 (11th Cir. 1985).

Finally, at a minimum, the record demonstrates that there exists a conflict or ambiguity in the evidence regarding Williams' mental impairments. Dr. Renfro opined that Williams was malingering, (R. 276), while Dr. Hall concluded that she was moderately impaired in her abilities.[7] (R. 351). Although the ALJ agreed that IQ testing was necessary,

---

[7] Interestingly, Dr. Arnold, the physician who conducted a physical examination, noted that "Williams has no self-confidence and motivation, family must check on her status, she does not have the emotional ability to seek and perform employment, except possibly in a very structured and closely supervised environment." (R. 339).

(R. 58), Dr. Hall did not administer any IQ tests, and there is no evidence in the record of any IQ scores. When there is a conflict, inconsistency or ambiguity in the record, the ALJ or the Appeals Council have an obligation to resolve the conflict, giving specific reasons supported by the evidence as to why one opinion is accepted or rejected over another opinion. The ALJ and the Appeals Council are not free to simply ignore Dr. Hall's report, but rather must actually address the conflicts it creates in the evidence. Otherwise, the court is unable to determine whether the ALJ's decision is supported by substantial evidence. Because neither the ALJ nor the Appeals Council reconciled the inconsistencies in the record regarding Williams' mental impairments, including her level of intellectual functioning, this case must be remanded.

The court is compelled to address the plaintiff's claim that her attorneys did not receive copies of any of the post-hearing consultative reports, and that the ALJ's failure to provide her with that evidence violated the Commissioner's regulations. (Doc. # 12 at 7-9). After the administrative hearing, Williams underwent a physical consultative examination by Dr. Robert Combs. (R. 321-28). She also underwent a physical consultative examination by Dr. Arnold Johnson. (R. 337-46). As mentioned, Dr. Hall conducted a psychological examination. (R. 348-54). And, she was sent for pulmonary testing. (R. 333-35). It is undisputed that the ALJ did not proffer Dr. Combs' and Dr. Johnson's reports to the claimant. (Doc. # 13, Comm'r Br., at 6). There is no indication in the record that the ALJ

proffered Dr. Hall's psychological evaluation or the pulmonary testing to the plaintiff or her counsel. The Commissioner concedes that the ALJ did not proffer Dr. Combs or Dr. Johnson's reports to the plaintiff but argues that the Appeals Council did when it granted Williams' request for review. (Doc. # 13, Comm'r Br. at 6).

The Social Security Administrations's Hearings, Appeals and Litigation Law Manual ("HALLEX") mandates that the ALJ "proffer all posthearing evidence" to the claimant unless certain conditions not applicable here are met.

> When an Administrative Law Judge (ALJ) receives additional evidence after the hearing from a source other than the claimant or the claimant's representative, and proposes to admit the evidence into the record, the ALJ must proffer the evidence, i.e., give the claimant and representative the opportunity to examine the evidence and comment on, object to, or refute the evidence by submitting other evidence, requesting a supplemental hearing, or if required for a full and true disclosure of the facts, cross-examining the author(s) of the evidence. (See I-2-7-30, Proffer Procedures.)

HALLEX § I-2-7-1.

The regulations set forth a detailed method to proffer the information to the claimant and her attorneys. *See* HALLEX § I-2-7-30. The ALJ did not provide the claimant or her attorneys with the evaluations prior to rendering his decision. The Appeals Council's notice discussing the reports of Dr. Combs and Dr. Johnson is no substitute for the actual reports prepared by these doctors. The Appeals Council also does not discuss Dr. Hall's report so there is no indication that Williams or her counsel had notice of that evaluation. Clearly, then, the proffer procedures set forth in HALLEX were not followed.

However, the Commissioner argues that Williams "was not harmed by the ALJ's error

because the Appeals Counsel gave her the opportunity contemplated by the proffer HALLEX." (*Id*.) The court disagrees. While HALLEX is not binding authority,

> where the rights of individuals are affected, an agency must follow its own procedures, even where the internal procedures are more rigorous than otherwise would be required. . . . Should an agency in its proceedings violate its rules and prejudice results, the proceedings are tainted and any action resulting from the proceeding cannot stand.

*Hall v. Schweiker*, 660 F.2d 116, 119 (5th Cir. 1981).[8]

It is undisputed that the ALJ and the Appeals Council did not comply with the proffer procedures outlined in HALLEX. A remand to the Commissioner is warranted when the plaintiff shows prejudice. *Carroll v. Soc. Sec. Adm*., 453 Fed. Appx. 889, 892 (11th Cir. 2011). "Where an ALJ substantially relies upon a post-hearing medical report that directly contradicts the medical evidence supporting a claimant's contentions, it violates a claimant's right to due process for the Commissioner to deny disability benefits without giving the claimant an opportunity to subpoena and cross-examine the authors of such reports." *Demenech v. Sec'y of the Dep't of Health & Human Servs.,* 913 F.2d 882, 885 (11th Cir. 1990). In this case, the plaintiff was prejudiced by the post-hearing submissions of the reports of Dr. Combs and Dr. Johnson. The ALJ improperly relied on the inconsistent reports of Dr. Combs and Dr. Johnson. The Appeals Council then compounds the error by simply discounting the reports but points to no other evidence that would support its conclusion that

---

[8]*See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Williams suffers from no physical impairment.

The plaintiff was also prejudiced by the ALJ and Appeal's Council's failure to consider the report of Dr. Hall. His psychological report provides some evidence that Williams suffers from mental impairments but the ALJ and the Appeals Council ignore his opinions. The Commissioner argues that Dr. Hall's opinion "was implicitly rejected when the ALJ remarked that there was no evidence that her medication did not control her depression and that she did not report any complaints of depression to Dr. Renfro." (Doc. # 13 at 15). The Commissioner's argument fails for two reasons. First, it is purely speculative. Neither the Commissioner nor the court can ascertain from the decisions what consideration, if any, the ALJ or the Appeals Council gave to Dr. Hall's evaluation. Second, the Commissioner ignores evidence that Williams suffers from other mental impairments besides depression. The Appeals Council's treatment of William's mental impairments suffers from the same deficits as the ALJ's handling of that issue.

For these reasons, the court concludes that the Commissioner erred as a matter of law, and that the case should be remanded for further proceedings. In this case, it is clear that the ALJ failed to fulfill his responsibilities with respect to evaluating all the evidence of the plaintiff's impairments. It is also clear that rather than correcting the ALJ's error, the Appeals Council compounded it. Thus, the court is unable to determine whether the ALJ's disability determination is supported by substantial evidence, and doubt is necessarily cast upon the conclusion that the plaintiff is not disabled.

## V. Conclusion

Accordingly, this case will be reversed and remanded to the Commissioner for further proceedings consistent with this opinion. On remand, the ALJ should more fully develop the record regarding the plaintiff's mental impairments by, at a minium, securing IQ testing and such other examinations as necessary to resolve the contradictions in the reports of the consultants who have already examined the plaintiff. It is further

ORDERED that, in accordance with *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1278 fn. 2 (11th Cir. 2006), the plaintiff shall have sixty (60) days after she receives notice of any amount of past due benefits awarded to seek attorney's fees under 42 U.S.C. § 406(b). *See also Blitch v. Astrue*, 261 Fed. Appx. 241, 242 fn.1 (11th Cir. 2008). A separate final judgment will be entered.

Done this 12th day of July 2012.

      /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE